UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
**UNITED STATES OF AMERICA**       \*
                                   \*
       v.                          \*       CRIMINAL NO. 05-30052-MAP
                                   \*
**PHILLIP DIPPOLT**                \*
                                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S OBJECTIONS AND SUPPLEMENTATIONS TO DRAFT PRESENTENCE REPORT

Now comes the defendant in the above captioned matter and states the following objections and supplementations to the Presentence Report compiled by the United States Probation Department. The defendant supplements the report as follows:

*Paragraph 17:* The defendant does not deny the conduct that has been attributed to him. He does wish the court to understand how he got himself into the habit of viewing this material. Mr. Dippolt was always an active and energetic person. He served in the United States Air Force as an airman during the Vietnam War. He worked for many years as a nurse in the emergency department at Cooley Dickinson Hospital and as an EMT. He was an avid photographer for many years. His photographs of Northampton and the surrounding natural environs have been displayed throughout the valley.

Mr. Dippolt also suffers from diabetes, a condition that was originally diagnosed in the 1970's and which has worsened with each passing year. The

nature of this affliction began to have a dramatic effect on his social life and sex life more than a decade ago. His health problems multiplied in a geometric manner after he suffered the first of several heart attacks in 2000. He has suffered from erectile dysfunction for the past ten or twelve years. As his health problems grew more severe, his emotional state worsened. As his emotional state worsened, his alcohol consumption increased. As his alcohol consumption increased, his health grew worse, and so on, in a vicious downward spiral. When Mr. Dippolt was no longer able to work and to get himself around to take his photographs, he discovered the computer and its virtual world at the user's fingertips. Initially he began to look at pornography on the computer in an effort to stimulate himself. The world of child pornography in particular entrapped him with its seeming removal from reality. When he visited these sites, he felt as though he were in a private place. He took on an assumed identity. Despite knowing at some level that what he was doing was wrong, the fantasy world became important to him as an escape from the drudgery and boredom that he experienced every day alone in his condominium. It never occurred to him that by participating in these groups and viewing the materials that had been posted, he was becoming complicit in the unspeakable harms that flow to the children who are victimized by this industry.

      Mr. Dippolt has brought a gross and unmitigated shame upon himself and his family and neighbors, many of whom will no longer even speak to him. He has suffered greatly but knows that his suffering is insignificant in comparison to

the pain that he has helped perpetuate upon the victims of child pornography. Mr. Dippolt would like to present a letter to the court at the time of sentencing in allocution to his punishment.

*Paragraph 27:* The defendant objects to this paragraph and to the four point enhancement of his guideline pursuant to U.S.S.G. 2G2.4 (b)(4) due to sadistic or masochistic content. The defendant disagrees that "many" of the images in the defendant's possession depicted the binding and torture of minors. In fact, the number of images that in any way meet this criterion is less than fifty out of over three thousand. Of those fifty almost all of them are images of young people tied up with cloth or rope. The defendant respectfully suggests that none would meet the definition of "torture."

*Paragraph 32:* The defendant objects to this paragraph and states that his Adjusted Offense Level should be 26.

*Paragraph 34:* The defendant objects to this paragraph and states that his Total Offense Level should be 23.

*Paragraph 53:* The defendant supplements this section as follows: His diabetic neuropathy has worsened. He often drops things that he picks up with his left arm. He has no sensation in his fingers in either hand at this time. As a result, he cannot pick up small items such as coins. His dyspnea also has become increasingly severe, and he needs a scooter to walk anywhere more than very short distances around his home. The defendant further supplements this paragraph with letters from his primary care physician, Mohammed Saleem

Bajwa, M.D. and from his cardiologist, Marc J. Schweiger, M.D., which are included herewith.

*Paragraph 55:* The defendant supplements this paragraph with a letter from his treating psychologist, Frank Marotta, Ph.D.

*Part E:* The defendant contends that this court should depart from the advisory guideline sentence due to the defendant's physical condition. A formal Motion for Departure with supporting Memorandum will be filed prior to sentencing.

>THE DEFENDANT
>
>By /s/ David P. Hoose
>DAVID P. HOOSE, BBO#239400
>KATZ, SASSON, HOOSE & TURNBULL
>1145 Main Street, Suite 304
>Springfield, MA  01103
>(413) 732-1939
>(413) 746-5767 [fax]